10:20-UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE EYE CENTER OF | ) | Case No. 10-71704-BHL-11 |
| SOUTHWESTERN INDIANA, P.C., | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST DAY MOTION FOR INTERIM ORDER
AUTHORIZING DEBTOR-IN-POSSESSION TO USE CASH COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Eye Center of Southwestern Indiana, P.C., the debtor and debtor-in-possession (the "Debtor"), by counsel, for its above entitled motion (this "Motion"), hereby moves the Court, for the following:

(a) An Order, pursuant to § 363 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2007, 4001(b) and (c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to use pre-petition cash collateral ("Cash Collateral") within the meaning of Bankruptcy Code § 363(a);

(b) An Order declaring that the Internal Revenue Service (the "IRS") has adequate protection of the IRS's interest in the Cash Collateral of the Debtor in the form of a post-petition replacement lien in all assets of the Debtor to the same extent as the IRS's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure the IRS for any diminution in the value of the Cash Collateral securing the Debtor's prepetition obligations to the IRS that occurs during the period of cash use, subject to any prior existing valid lien superior to the IRS on the date of filing;

(c) An Order declaring that the Indiana Department of Revenue (the "IDR") has adequate protection of the IDR's interest in the Cash Collateral of the Debtor in the form of a post-petition replacement lien in all assets of the Debtor to the same extent as the IDR's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure the IDR for any diminution in the value of the Cash Collateral securing the Debtor's prepetition obligations to the IDR that occurs during the period of cash use, subject to any prior existing valid lien superior to the IDR on the date of filing;

(d) An Order declaring that Old National Bank ("Old National") is adequately protected by virtue of the post-petition payments which the Debtor will make to Old National;

(e) An Order declaring that Integra Bank National Association ("Integra") is adequately protected by virtue of the post-petition payments which the Debtor will make to Integra; and

(f) That the Court conduct an emergency and/or interim hearing (the "Interim Hearing") on this Motion pursuant to Bankruptcy Rule 4001 and enter an Order authorizing the Debtor to utilize Cash Collateral.

In further support of the Motion, the Debtor states as follows:

**I. JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for relief requested herein are §§ 103, 105(a), 361, 362, 363, 507(b), 552(b), 1106, 1107(a) and 1108 of the Bankruptcy Code.

## II. BACKGROUND

3.　The Debtor filed its petition for relief under Title 11, Chapter 11 of the United States Code on September 27, 2010 (the "Petition Date"). No trustee or examiner has been appointed in this case. No committees have been appointed or designated.

4.　The Debtor is continuing in possession of its property and is operating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5.　As of the Petition Date, the Debtor was indebted to the IRS. The IRS may maintain a security interest in all of the assets of the Debtor, including the Debtor's Cash Collateral by virtue of a federal tax lien.

6.　As of the Petition Date, the Debtor was indebted to the IDR. The IDR may maintain a security interest in all of the assets of the Debtor, including the Debtor's Cash Collateral by virtue of a state tax lien.

7.　As of the Petition Date, the Debtor was indebted to Old National. The Debtor has performed a preliminary investigation and analysis of the related UCC filings by Old National, and based upon this preliminary investigation believes that, without waiver of rights to challenge the validity, priority and extent of the liens, Old National's liens may be valid, enforceable and non-avoidable, first-priority liens and security interests in the Debtor's Cash Collateral, subject to any prior existing valid lien superior to Old National on the date of filing.

8.　As of the Petition Date, the Debtor was indebted to Integra. The Debtor has performed a preliminary investigation and analysis of the related UCC filings by Integra, and based upon this preliminary investigation believes that, without waiver of rights to challenge the validity, priority and extent of the liens, Integra's liens may be valid, enforceable and non-

avoidable, first-priority liens 10:20-and security interests in the Debtor's Cash Collateral, subject to any prior existing valid lien superior to Integra on the date of filing.

### III. THE PROPOSED USE OF CASH COLLATERAL

9. The Debtor requires immediate use of the Cash Collateral to pay operating expenses.

10. The Debtor asserts that adequate protection exists for the IRS because the Debtor will grant the IRS a post-petition replacement lien in all assets of the Debtor to the same extent as the IRS's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure the IRS for any diminution in the value of the Cash Collateral securing the Debtor's prepetition obligation to the IRS that occurs during the period of cash use, subject to any prior existing valid lien superior to the IRS on the Petition Date.

11. The Debtor asserts that adequate protection exists for the IDR because the Debtor will grant the IDR a post-petition replacement lien in all assets of the Debtor to the same extent as the IDR's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure the IDR for any diminution in the value of the Cash Collateral securing the Debtor's prepetition obligation to the IDR that occurs during the period of cash use, subject to any prior existing valid lien superior to the IDR on the Petition Date.

12. The Debtor asserts that adequate protection exists for Old National because the Debtor will continue to make payments in full according to the Debtor's obligations under its agreement with Old National.

13. The Debtor asserts that adequate protection exists for Integra because the Debtor will continue to make payments in full according to the Debtor's obligations under its agreements with Integra.

14. Without the proposed use of Cash Collateral sought hereunder, the Debtor will not have the liquidity required to maintain its operations in the ordinary course for the benefit of its customers, vendors, and employees. The success of this Chapter 11 case is dependent upon obtaining the interim and final relief requested in this Order. The Debtor requires approval of the use of Cash Collateral on an emergency and interim basis to insure a smooth transition of business into Chapter 11. Without access to the use of Cash Collateral at the outset of this case, the Debtor's business, its customers, its estates and its creditors will be immediately and irreparably harmed.

15. **Statement pursuant to L.R. B-9013-3(b).** Prior to filing this Motion, counsel emailed a copy of this Motion (or a substantially similar version of this Motion) to counsel for the United States Trustee. Additionally, counsel has contacted the senior courtroom deputy to advise that a case with first day motions will be filed. Since then, counsel has made efforts to meet with the UST and affected parties prior to filing.

### Request for Relief

The Debtor requests that the Court:

(i) Enter on an emergency basis after an expedited hearing an Order authorizing the Debtor to use Cash Collateral and declaring that the IRS, IDR, Old National and Integra are adequately protected;

(ii) Schedule the interim hearing; and

(iii) Grant such other relief as the Court may deem just and appropriate.

- 6 -

Respectfully submitted,

DALE & EKE, P.C.


By:　 /s/  Meredith R. Thomas
　　　Meredith R. Thomas (Atty. No. 28804-49)
　　　Deborah J. Caruso (Atty. No. 4273-49)

DALE & EKE, P.C.
9100 Keystone Crossing, Suite 400
Indianapolis, Indiana 46240
Tel: (317) 844-7400
Fax: (317) 574-9426
Email: mthomas@daleeke.com
Attorneys for the Debtor

i:\client\e\eye101\firstday.cashcollateral.motion.doc